IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTHONY QUINTIN KELLY, #352736          *
                  Plaintiff,

      v.                                   * CIVIL ACTION NO. RDB-16-3713

STATE OF MARYLAND, *et al*.            *
                  Defendants.
                            *****

## MEMORANDUM OPINION

On November 14, 2016, Anthony Kelly, an inmate confined at the North Branch Correctional Institution ("NBCI"), filed this action against the State of Maryland and NBCI Case Management Specialist Shayla Lease seeking declaratory and injunctive relief.  He seeks relief pursuant to 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act ("ADA"). Kelly alleges that on August 11, 2016, he gave documents to Lease so that they could be notarized before being sent to the United States Supreme Court.  He claims that Lease refused to notarize the documents in retaliation for his filing a civil rights case, which is pending on appeal before the United States Court of Appeals for the Fourth Circuit.  ECF No. 1.  The complaint was accompanied by a Motion for Leave to Proceed In Forma Pauperis, which shall be granted. For reasons to follow the Complaint shall be dismissed without prejudice.

Kelly, acknowledges that this case is "related" to *Kelly v. Lease, et al.*, Civil Action No. RDB-16-3294 (D. Md.).   This is not completely correct.  The Court has examined both cases. Aside from now naming the State of Maryland as one of two Defendants and raising an additional claim under the ADA, the factual allegation raised here is wholly identical to the claim for damages made against Case Management Specialist Lease and the Department of Public

Safety and Correctional Services  in the previous complaint.     That earlier complaint, which is

proceeding for an answer, may provide Kelly the relief he seeks.[1]    Therefore, this Complaint

shall be dismissed without prejudice.    A separate order follows.

Date: __November 18, 2016__                              _____/s/_____
                                                                         RICHARD D. BENNETT
                                                                         UNITED STATES DISTRICT JUDGE

---

[1]        Kelly is advised, however, that a § 1983 lawsuit may not be filed against the State
of Maryland.   Neither a state nor an agency of a state is a "person" within the meaning of 42
U.S.C. § 1983.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64-65 & 70-71 (1989).
Moreover, the State of Maryland is immune from liability under the Eleventh Amendment from
a § 1983 suit in federal court without regard to the nature of the relief sought.  *See Pennhurst
State School & Hospital v. Halderman*, 465 U.S. 89, 101-01 (1984); *C.H. v. Oliva*, 226 F.3d 198,
201 (3rd Cir. 2000).
           Further, Kelly has failed to show that he has a qualifying disability under the
ADA.   To state a claim for violation of the ADA, the plaintiff must show that (s)he (1) has a
disability, (2) is otherwise qualified to participate in a program, and (3) was denied the benefits
of the program or discriminated against because of the disability.   *See Millington v. Temple
Univ. Sch. Of Dentistry*, 261 Fed. App. 363, 365 (3rd Cir. 2008).   A physical condition may
qualify as a "disability" within the meaning of the ADA and RHA because it "substantially limits
one or more ... major life activities." 42 U.S.C. § 12102; 29 U.S.C. § 705(20)(B).   Under the law
in this circuit, to establish that he is disabled under the ADA, Plaintiff must prove that: he has a
physical or mental impairment; that this impairment implicates at least one major life activity;
and the limitation is substantial. *See Heiko v. Columbo Savings Bank, F.S.B.*, 434 F.3d 249, 254
(4th Cir. 2006).  Consequently, should Kelly wish to file a claim for equitable relief against the
State of Maryland and others under the ADA, he may file an Amended Complaint in *Kelly v.
Lease, et al.*, Civil Action No. RDB-16-3294, addressing the aforementioned ADA standard.